IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE PLUMBERS AND     *
GASFITTERS LOCAL 5 RETIREMENT
SAVINGS FUND, ET AL.     *      CIVIL NO. ELH-14-152

    V.     *

JAMES & WOOD, INC.     *

## REPORT AND RECOMMENDATION

This case has been referred to me by Judge Hollander pursuant to 28 U.S.C. § 636 and Local Rule 301 for the purpose of ordering and conducting supplementary proceedings in accordance with Md. R. Proc. 2-633. Currently pending are Plaintiffs' Motion for Judgment Against Garnishee SunTrust Bank ("Plaintiffs' Motion") (ECF No. 38), Defendant's Response to Motion (ECF No. 39) and Plaintiffs' Response to Defendant/Judgment Debtor's Filing (ECF No. 40). For the reasons noted below, I recommend that Plaintiffs' Motion be granted.

The history relevant to the pending Motion is set forth in the parties' Status Report (ECF No. 44) which I quote verbatim as follows:

Plaintiffs commenced this lawsuit against Defendant on January 17, 2014 to recover delinquent contributions and other amounts owed (ECF No. 1). The parties reached a resolution of the claims alleged in Plaintiffs' Complaint, the terms of which are memorialized in a Settlement Agreement and Release (ECF No. 25). Thereafter, on October 5, 2016, this Court entered a final judgment by consent and closed this case (ECF No. 26).

Among other things, the Settlement Agreement and Release provides that Defendant is required to make timely payments to Plaintiffs each month in the amount of $4,168.31 for a period of seventy-two (72) months to resolve its indebtedness to Plaintiffs (the "Settlement

1

Payments"). Payments are due on the 15th day of each month. The Settlement Agreement and Release also provides that Defendant must timely remit any future amounts that become due and owing to Plaintiffs under the applicable collective bargaining agreement between Defendant and the Union (the "Current Contributions). The Settlement Agreement and Release further provides that if Defendant fails to make any scheduled Settlement Payments, or if Defendant fails to keep current in its future obligations to Plaintiffs for the duration of the Settlement Agreement, Plaintiffs may, without additional notice or demand, enforce the Consent Judgment.

Defendant did not timely remit the Settlement Payments that became due and owing on and after September 15, 2019. Defendant also did not remit Current Contributions owed to the Local 5 Funds and the Union for work performed in or after January 2019; nor did it remit Current Contributions to the National Funds for work performed in or after March 2018.

On November 6, 2019, Plaintiffs filed an Application for Writ of Garnishment of Account in Financial Institution with the Court. That same day, the Clerk of Court issued a Writ of Garnishment against the Garnishee, SunTrust Bank. The writ was sent by certified mail to the Garnishee's registered agent on November 6, 2019.

On or about November 6, 2019, Defendant remitted $12,504.93 (equivalent to three Settlement Payments) to Plaintiffs' counsel by way of a check from its bank account at Garnishee's financial institution. Defendants also sent additional payments to the Local 5 Funds and National Funds to be applied to the Current Contributions owed. By the time the checks were received by Plaintiffs, however, the garnishment had already been served upon the Garnishee and Defendant's account had been frozen. Accordingly, Plaintiffs were unable to cash Defendant's checks, and Defendant has not made any other payments.

Additional payments have become due since the filing of the Garnishment. Accordingly, Defendant now owes $20,841.55 in unpaid Settlement Payments (comprising 5 settlement payments due on the 15th of each month from September 2019 through January 2020).

Based upon contribution reports remitted by the Defendant, the Local 5 Funds' records show that Defendant now owes at least $103,505.75 in Current Contributions to the Local 5 Funds and Union for work performed during the months of January 2019 through December 2019, plus liquidated damages and interest. (ECF No. 44).

Based upon contribution reports remitted by the Defendant, the National Funds' records show that Defendant owes at least $59,541.20 in Current Contributions for work performed during the months of March 2018 through December 2019, plus liquidated damages and interest. (ECF No. 44).

On February 20, 2020, I conducted a hearing in open court. Present at the hearing were counsel for the Plaintiffs, Diana R. Cohn, counsel for Garnishee SunTrust Bank, Bryan Mull, and Defendant's Representatives Ellis Jones and Diane King ("Defendant's Representatives"), proceeding pro se. At the outset of the hearing, the Defendant's Representatives advised the court that they were no longer contesting Plaintiffs' Motion and, therefore, they consented to the entry of judgment against Garnishee SunTrust Bank in the amount of $102,033.84.

In addition to the fact that Defendant no longer contests Plaintiffs' Motion, it should be noted that Defendant has not established a basis upon which the court should deny the Motion. Pursuant to Maryland Rule 2-643(c)(5), the court may release some or all of the property at issue if it finds, inter alia, that "the levy upon the specific property will cause undue hardship to the Judgment Debtor and the Judgment Debtor has delivered to the sheriff or made available for levy alternative property sufficient in value to satisfy the judgment and enforcement costs." Md. Rule

2-643(c)(5). Although Defendant appeared to argue "undue hardship" in its response to Plaintiffs' Motion (ECF No. 39), Defendant (the Judgment Debtor), did not make any alternative property available for levy. Therefore, Defendant has not satisfied the prerequisites for release of the garnished property.

For the reasons stated above, I recommend that Plaintiffs' Motion for Judgment Against Garnishee (ECF No. 38) be granted in the form of the Order attached hereto as Exhibit 1.

Further, I direct the Clerk to mail a copy of this Report and Recommendation to Defendant at the following address:

> Lambertine W. Jones, President
> Jones & Wood, Inc.
> 1702 Minnesota Avenue, S.E.
> Washington, DC  20020

Any objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed.R.Civ.P. 72(b) and Local Rule 301.5(b).


Date:  February 25, 2020          ___/s/_____
                                  Beth P. Gesner
                                  Chief United States Magistrate Judge